IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NONA BANDY, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL ACTION NO. 12-00491-KD-C |
| | ) |
| MIDLAND FUNDING, LLC, | ) |
|     Defendant. | ) |

**ORDER**

This action is before the Court on the Motion to Alter, Amend or Vacate (Doc. 21) filed by Plaintiff Nona Bandy ("Bandy") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Bandy moves that the Court alter, amend, or vacate the Judgment (Doc. 20) entered in this case on January 18, 2013, which dismissed Bandy's federal claims with prejudice and her state law claims without prejudice. The motion, filed February 14, 2013, is timely. See Fed. R. Civ. P. 59(e). Bandy claims that she is due relief under Rule 59(e) because the Court erred in issuing its Order (Doc. 19) granting Defendant Midland Funding, LLC ("Midland")'s Motion for Judgment on the Pleadings on her federal claims. Specifically, Bandy challenges the Court's determination that she failed to allege a cause of action against Midland under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

The decision to grant or deny a motion to alter, amend or vacate is left to the discretion of this Court. See, e.g., Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007). Rule 59(e) does not "give the moving party another 'bite at the apple.'" Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (citation omitted). Rather, "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Prods., Inc., 370 F. Supp.

2d 1185, 1189 (S.D. Ala. 2005). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal citations and quotations marks omitted).

For the reasons stated in Midland's Response (Doc. 22) to the motion,[1] it is **ORDERED** that Bandy's Motion to Alter, Amend or Vacate (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** this the **19th** day of **February 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] A district court is permitted to incorporate a party's arguments to serve as its explanation for its ruling. See United States v. Valencia-Trujillo, 462 F. App'x 894, 897 (11th Cir. 2012) ("District court orders 'should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.' Danley v. Allen, 480 F.3d 1090, 1091 (11th Cir. 2007). That principle, however, does not prohibit a district court from incorporating a party's arguments as the basis and explanation for its ruling.").